IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01436-KLM

STEPHEN BOULTER,

        Plaintiff,

v.

TOWN OF LASALLE, COLORADO, a municipality
THE TOWN BOARD OF LASALLE, an entity and agency within the municipality of the
        Town of Colorado,
CHIEF CARL HARVEY, in his individual and official capacities as Town of LaSalle Police
        Chief,
ANDREW MARTINEZ, as Mayor of the Town of LaSalle and individually and as Trustee,
        Town of LaSalle,
CLAUDIA REICH, individually and as Mayor Pro Tem, Town of LaSalle,
HOLLY BRUCE, individually and as Trustee, Town of LaSalle,
PAULA COCHRAN, individually and as Trustee, Town of LaSalle,
TONY ASHBURY, individually and as Trustee, Town of LaSalle,
MARLEEN OAKS, individually and as Trustee, Town of LaSalle,
TONY TRAVINO, individually and as Trustee, Town of LaSalle, and
SHARON LOOKHART, individually and as Trustee, Town of LaSalle,

        Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants' **Motion to Dismiss** [#35][1] (the

"Motion").  Plaintiff, who proceeds as a pro se litigant,[2] filed an Amended Response [#47]

---

[1] "[#35]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro

in opposition to the Motion [#35], and Defendants filed a Reply [#52].  The Court has reviewed the Motion [#35], the Response [#47], the Reply [#52], the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#35] is **GRANTED**.[3]

## I.  Background

Plaintiff, a resident of Parker, Colorado, purchased real property in Defendant Town of Lasalle, Colorado (the "Town") in 2016, which he used as outside storage for tarp meant for sale.  *Second Am. Compl.* [#8] ¶¶ 37, 38, 40.  On February 21, 2018, Plaintiff was cited with the following Town Municipal Code violations: (1) Sec. 6-112(a), failure to obtain a business license to act as a junk dealer; (2) Sec. 7-21, accumulation to constitute nuisances; and (3) Sec. 16-56, outside storage zoning violation.  *Id.* ¶ 5; *Ex. 2 to Second Am. Compl.* [#8] at 37.  At some unidentified time, Plaintiff was also "cited for having an expired license plate on a semi-trailer, and for the presence of a semi-trailer."  *Second Am. Compl.* [#8] ¶ 117.  Plaintiff states that he was "ordered to pay a litany of outrageous fines" and that his "ability to remain out of jail is contingent upon the timely payment of these fines."  *Id.* ¶ 8.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, originally asserting three claims for relief in his Second Amended Complaint.  *Id.* at 16, 20, 26.  Plaintiff brought all three claims against the Town, the Town Board, and, in their individual and official capacities, Chief Carl Harvey, Andrew Martinez, Claudia Reich, and each Trustee of the

---

se litigant must follow the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

   [3]   This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties.  *See* [#43, #44].

Town. *Id.* ¶¶ 21-31.  On July 28, 2020, the Court dismissed Claims One (asserting that Plaintiff's Eighth Amendment right against the imposition of excessive vines was violated) and Two (asserting that Plaintiff's Eighth Amendment right against cruel and unusual punishment was violated) without prejudice for lack of jurisdiction under the *Rooker-Feldman* doctrine.  *Recommendation* [#13] at 5; *Order* [#15] at 2.  Accordingly, Plaintiff's remaining claim contends that his Fourteenth Amendment class-of-one equal protection rights were violated when he was "treated differently and selectively singled out for targeted and excessive prosecution."  *Second Am. Compl.* [#8] ¶¶ 97, 99, 107.  Plaintiff seeks declaratory and injunctive relief as well as monetary damages.  *Id.* at 34-35.

## II.  Legal Standard

A motion to dismiss "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678

3

(citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that [the] plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that [the] plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Haws, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  However, "[t]he court's function on a 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

To begin, courts must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).  However, conclusory allegations are not entitled to this assumption of truth.  *Iqbal*, 556 U.S. at 681.  To deny a motion to dismiss, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove*, *Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. at 570).

### III.  Analysis

Plaintiff argues that Defendants violated his constitutional rights under the Equal Protection Clause of the Fourteenth Amendment.  *Second Am. Compl.* [#8] ¶¶ 14, 99.[4]

---

[4] While the sufficiency of a complaint must generally rest on its contents alone in connection with a Rule 12(b)(6) motion, *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010), the Court may consider outside documents that are both central to Plaintiff's claims and to which Plaintiff refers in his complaint. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The exhibits attached to Plaintiff's Response [#47] are not referenced in the Second Amended Complaint [#8] and do not appear to be central to the claims.  Thus, the Court will not consider these documents in resolving the Motion [#35].

Specifically, Plaintiff is alleging a class-of-one equal protection claim. *Id.* ¶ 99. In the Motion, Defendants argue that Plaintiff has "failed to plead facts sufficient to state a plausible class-of-one equal protection claim against any of the Town Defendants[,]" and, therefore, the remaining claim in the Second Amended Complaint [#8] should be dismissed. *Motion* [#35] at 2.

The Equal Protection Clause of the Fourteenth Amendment declares that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." In other words, government actors may not treat similarly situated persons differently without a lawful justification. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012). Commonly this applies to class-based discrimination, i.e. treating a person differently because he is a member of a protected class, but here Plaintiff is alleging that he has been singled out as a class of one. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008). The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

To plausibly allege an equal protection claim for a class of one, Plaintiff must show: (1) that he was "intentionally treated differently from others similarly situated" in all material respects, and (2) "that there is no rational basis for the difference in treatment[,]" i.e., the government action is abusive and not related to any legitimate objective. *Olech*, 528 U.S. at 564; *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006); *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir.

2011).   Defendants argue that Plaintiff fails to meet either prong against any of the

Defendants, and that, therefore, dismissal is appropriate. *Motion* [#35] at 2, 20.   For the

reasons stated below, the Court finds that Plaintiff has failed to adequately allege facts in

support of the first prong, and thus his equal protection class-of-one claim fails.

Regarding the first element, "[t]he allegations necessary to establish this level of

similarity will vary depending on the nature of the case, and '[t]he more variables involved

in the government action at issue, the more specifics the plaintiff will need to allege to

allow for meaningful comparison between the plaintiff's (negative) experience and the

(positive) experiences of others.'"  *Rucker v. Gilmore*, No. 13-cv-03028-JAR, 2015 WL

50210, at * 9 (D. Kan. Feb. 6, 2015) (quoting *Haik v. Salt Lake City Corp.*, 567 F. App'x

621, 632 (10th Cir. 2014)).   "Because 'it is exceedingly difficult to demonstrate that any

difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility

of administrators whose inconsistency is as random as it is inevitable . . . courts have

imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases.'"

*Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012) (quoting *Jicarilla Apache Nation*,

440 F.3d at 1213).

For example, in *Clark v. Shrader*, a pro se incarcerated plaintiff asserted a class-

of-one claim arguing that the Defendants treated him differently because "persons who

[had] committed worse crimes than him [had] been released, while he [had] not been."

*Clark v. Shrader*, No. 20-cv-01410-DDD-KLM, 2021 WL 229283, at *6 (D. Colo. Jan. 22,

2021).   The Court found that the plaintiff's class-of-one claim should be dismissed for

failure to state a claim because Plaintiff pled no facts that showed how the "other pretrial

detainees were similarly situated to him in any material respect[,]" thus failing to meet the requirements of the first prong.  *Id.*

In *Wojdacz v. Lewis*, the pro se plaintiff asserted a class-of-one claim, arguing that she had "seen many other people panhandling at this same location that were not told to leave by police."  *Wojdacz v. Lewis*, No. 15-cv-02083-WJM-KLM, 2018 WL 1932751, at *12 (D. Colo. Apr. 24, 2018).   The Court reasoned that the plaintiff's allegation was insufficient because it was "unclear whether any police were aware of the other people's panhandling activities, or whether the panhandling was only 'allowed' because they were not caught."  *Id.*  Accordingly, the Court found that the plaintiff failed to meet first prong. *Id.*

Here, Plaintiff alleges that Defendants treated him differently based on the "photographic evidence" he presented to Town Board members, which represents "far greater transgressions" that are "decades older[,]" and "far more extensive and [egregious]" than his.  *Second Am. Compl.* [#8] ¶ 108.  Plaintiff claims that this evidence shows that he "has been intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment."  *Id.* ¶ 109.  Plaintiff additionally claims that he was cited for having an expired license plate on a semi-trailer and for the presence of the semi-trailer, and attaches an exhibit showing "a comparable business property with multiple semi-trailers and vehicles with expired license plates which have been unchallenged for a decade and a half."  *Id.* ¶ 117.  Plaintiff asserts that "no other merchants or property owners in the Town of LaSalle have been fined exorbitant amounts of money nor repeatedly jailed for code infractions" and asserts that this treatment was "arbitrary and willfully punitive; and, decidedly outside of the boundaries of

the intent, interpretation, and reasonable standard of application of the Town's code enforcement statutes." *Id.* ¶¶ 113, 115.

Plaintiff attempts to bolster this claim in his Response [#47] by stating that he "identif[ied] at least twelve other comparable LaSalle properties to that of Plaintiff with demonstrable (potential) code violations." *Response* [#47] ¶ 2. Plaintiff reiterates in his Response [#47] that "evidence shows that there are many . . . properties in LaSalle[,] Colorado with transgressions far in excess of those applied to Plaintiff" and "many of these properties . . . are currently out of compliance, and are presumed to have been so for years - if not decades." *Id.* ¶ 3.

Nevertheless, the Court finds that Plaintiff has pled no facts to show how these other property owners are similarly situated to him in any material respect, nor how these other property owners were treated more favorably than Plaintiff. *See Rucker*, 2015 WL 50210, at * 9. The mere fact that the other individuals are or were also Town property owners with potential code violations does not, without more, show that they were similarly situated to Plaintiff, and the mere fact that they were not cited, fined, or jailed but Plaintiff was does not show that they were treated more favorably. *See Clark*, 2021 WL 229283, at *6; *see also Wojdacz*, 2018 WL 1932751, at *12. In short, Plaintiff has simply not provided enough detailed allegations "to allow for meaningful comparison between the plaintiff's (negative) experience and the (positive) experiences of others.'" *See Rucker*, 2015 WL 50210, at * 9. Therefore, Plaintiff fails to plausibly allege the first element of his equal protection claim.

Accordingly, Plaintiff's class-of-one equal protection claim fails as a matter of law and is **dismissed without prejudice** for failure to state a claim under Fed. R. Civ. P.

12(b)(6).  *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) (explaining that if the party against whom the dismissal is directed, particularly a pro se litigant, can correct defects in the pleading stage or state a claim for relief, it is preferred that the Court dismisses without prejudice).

## IV.  Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#35] is **GRANTED**.  Plaintiff's equal protection claim is **DISMISSED without prejudice**.  Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case**.**


Dated: March 9, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

9